IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

    v.

ADDERSON G. SEGO,

    Defendant.

I.D. No. 1409012827
Kent County

Submitted: July 26, 2016
Decided: August 10, 2016

**ORDER**

Upon Defendant's Motion to Dismiss.
*Denied.*

Jason C. Cohee, Esquire of Department of Justice, Dover, Delaware; attorney for the State of Delaware.

Suzanne MacPherson-Johnson, Esquire of the Office of the Public Defender, Dover, Delaware; attorney for Defendant.

WITHAM, R.J.

Defendant Adderson G. Sego, Jr. ("Sego") was arrested on September 18, 2014 and indicted on February 2, 2015 on charges of Assault Second Degree, Possession of a Deadly Weapon during the Commission of a Felony, and Resisting Arrest. Sego moves to dismiss this case based on a violation of his right to a speedy trial as guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution, article 1 section 7 of the Constitution of the State of Delaware, and Superior Court Criminal Rule 48(b).

## FACTS AND PROCEDURAL HISTORY

Sego was arrested on September 18, 2014. Due to Sego's hospitalization as the result of injuries sustained during the arrest, a preliminary hearing was not scheduled until October 24, 2014. On October 24, 2014, the matter was continued at the State's request. On October 31, 2014, Sego waived his preliminary hearing, bail was modified to unsecured, and the Court of Common Pleas ordered pretrial probation at Level IV Home Confinement. On December 4, 2014, pretrial probation was reduced to Level III.

The Court's scheduling order set a final case review date of May 13, 2015 and a trial date of May 18, 2015. On January 8, 2015, the State provided discovery to Sego. This included a reciprocal discovery request which specifically included a request for any potential experts to be used at trial. At final case review on May 13, 2015, after a sidebar, the case was scheduled for control on July 7, 2015. On July 7, 2015, final case review was scheduled for September 30, 2015, and trial was scheduled for October 5, 2015. At final case review on September 30, 2015, after a

2

sidebar, final case review was rescheduled for December 2, 2015 and trial was rescheduled for December 7, 2015. At final case review on December 2, 2015, after a sidebar, the Court scheduled control for January 4, 2016.

The State points out that Sego did not inform the State that the need for expert medical testimony was being evaluated until December 2015. The State also contends that discovery was provided eleven months earlier, in January 2015, and at that time the State had filed a reciprocal discovery request. The State brought the expert witness issue to the Court's attention in December 2015 and again on January 4, 2016. At the January 4, 2016 control hearing, the Court gave the State thirty days to evaluate whether a scheduling order governing expert disclosures was necessary. Also on January 4, 2016, Sego requested a new trial date be set far enough out so that medical personnel that may be needed to testify for Sego would have enough time to clear their schedules and be available for trial. The Court scheduled a trial date for April 5, 2016.

On March 31, 2016, the State requested a continuance because Trooper Amanda Pini, the arresting officer and assault victim, was allegedly seven months pregnant. A new trial was scheduled for July 19, 2016, however, on July 14, 2016, the State once again requested a continuance because Trooper Pini was still pregnant and was not scheduled to give birth until August 3, 2016. The State admitted that it's representation to the Court that Trooper Pini was seven months pregnant on March 31. 2016 was in error. The Court denied the State's request without prejudice.

Both the State and the Defense note that each continuance granted between

3

May 13, 2015 and April 5, 2016 was made at the Court's request,[1] but it should be noted that these continuances were granted after a sidebar by agreement with the parties. Because sidebars are not generally recorded unless requested, there is no record of the reason new dates were granted. In any event, there was no objection entered on Sego's behalf.

## DISCUSSION

In *Barker v. Wingo*, the United States Supreme Court created a four part balancing test "in which the conduct of both the prosecution and the defendant are weighed."[2] "The test considers: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice resulting to the defendant from the delay."[3] "The right to a speedy trial attaches as soon as the defendant is accused of a crime through arrest or indictment, whichever occurs first."[4] Although speedy trial rights are also implemented by Superior Court Criminal Rule 48(b), the showing of prejudice required for violation of Rule 48(b) is "broader than normally associated with a Sixth Amendment analysis."[5]

---

[1] The State asserts that the delay from December 2, 2015 through April 5, 2016 was attributable to the defense. The State noted that if the Defense had evaluated their expert witnesses in a timely fashion, the case could have been tried months ago.

[2] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[3] *Brodie v. State*, 2009 WL 188855, at *2 (Del. Jan. 26, 2009).

[4] *Id.* at *3 (quoting *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002)).

[5] *State v. Walstrum*, 2015 WL 1577664, at *1 (Del. Super. Mar. 19, 2015).

### *Length of the Delay*

Under the *Barker* test, the length of the delay is a trigger, and the remaining three factors are not considered unless there is some delay that is presumptively prejudicial.[6] The Supreme Court of Delaware has found that "if the delay between arrest or indictment and trial exceeds one year, the Court generally should consider the other Barker factors."[7]

Twenty-three months have passed since Sego was arrested in September 2014. This delay is presumptively prejudicial. The first *Barker* factor weighs in favor of Sego and the Court will therefore consider the remaining three factors.

### *Reason for the Delay*

The second *Barker* factor considers the reason for the delay. The weight assigned to a delay depends upon the reason for the delay.[8] Deliberate attempts by the State "to delay the trial in order to hamper the defense should be weighted heavily against the government."[9] Neutral reasons such as negligence or crowded court dockets should be weighed less heavily.[10] "Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay."[11]

The five week delay between Sego's arrest and his preliminary hearing was due

---

[6] *Id.*

[7] *Cooper v. State*, 2011 WL 6039613, at *7 (Del. Dec. 5, 2011) (TABLE).

[8] *Barker*, 407 U.S. at 531.

[9] *Id.*

[10] *Id.*

[11] *Id.*

to injuries sustained during the arrest and the resulting hospitalization. The one week delay from the date of the scheduled preliminary hearing and the date on which Sego waived his preliminary hearing is attributable to the State. The delay from May 13, 2015, through December 2, 2015, was the result of continuations granted by the Court after sidebars with counsel. There is no record of the reason for the continuances at sidebar. This delay of six and a half months may be attributed to the Court; however, Sego did not object to the delays. The four month delay from December 2, 2015, through April 5, 2016, can be attributed to Sego's late notification regarding expert witnesses. The final delay of almost four months was the result of two continuance request by the State due to Trooper Pini's pregnancy.

Of the fourteen and a half months that have passed since the original final case review date was scheduled, six and a half months are attributable to the Court, four months are attributable to Sego, and four months are attributable to the State. The reasons for the delays attributed to the Court are unknown and occurred after sidebars, and delays attributable to the State are the result of a pregnancy. There was no attempt by the State to hamper Sego's defense, and therefore the delays will not be heavily weighted. Nonetheless, this *Barker* factor weighs in favor of Sego.

*Defendant's Assertion of the Right to a Speedy Trial*

"If and when a defendant asserts his rights are factors of considerable significance in determining whether there has been a speedy trial violation."[12] Although a defendant who fails to demand a speedy trial does not forever waive that

---

[12] *Bailey v. State*, 521 A.2d 1069, 1082 (Del. 1987).

6

right,[13] "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."[14]

Sego had not asserted his right to a speedy trial, either directly or inferentially, until the motion at bar was filed on July 26, 2016. This assertion comes more than twenty-two months from the date of Sego's arrest. During those twenty-two months, the Court convened on five separate occasions. Sego could have asserted this right at any time during the pendency of the case, but perhaps more importantly, Sego had the opportunity to assert his right in the courtroom on numerous occasions. Sego has by no means forfeited his right to a speedy trial, but his failure to assert that right at an earlier time weighs against him. Therefore, the third *Barker* factor weighs in favor of the State.

### *Prejudice Resulting to the Defendant from the Delay*

"The prejudice prong should be considered in light of three of defendants' interests that the speedy trial right was designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired."[15]

Under the first prong, Sego suffered no prejudice from pretrial incarceration because his incarceration was minimal. After six weeks, Sego was placed on Level IV Home Confinement and by December 4, 2014, probation was reduced to Level III.

---

[13] *Barker*, 407 U.S. at 528.

[14] *Id.* at 532.

[15] *Middlebrook v. State*, 802 A.2d 268, 276 (Del. 2002).

Under the second prong, Sego claims anxiety increases on any criminal defendant with the passage of time. Although Sego was released to Level III probation on December 4, 2014, he "was presumptively prejudiced to at least some extent by anxiety and concern regarding the delay of his trial."[16] Under the third prong, Sego expresses a concern that witnesses memories fade over time. It is true that memories can fade over time, but the passage of two years is not enough time to prejudice Sego's defense. Having considered the three prongs of the fourth *Barker* factor, the Court concludes that Sego suffered very little prejudice as a result of the delay. Thus, the fourth *Barker* factor weighs in favor of the State.

## CONCLUSION

A delay of more than two years from the date of arrest to the date of trial does not fall within the Superior Court's Guidelines for Criminal Trials. However, after considering the four *Barker* factors, the Court finds the third and fourth factors outweigh the first two factors. Importantly, the State has not intentionally hampered Sego's defense, and Sego had not registered an objection to any of the multiple continuances until July 2016.

---

[16] *Id.* at 277.

8

*State v. Adderson G. Sego*
I.D. No. 1409012827
August 10, 2016

The Court finds that Sego's right to a speedy trial has not been violated, and the Defendant's motion to dismiss is therefore **DENIED**.

IT IS SO ORDERED.

William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   Jason C. Cohee, Esquire
      Suzanne MacPherson-Johnson, Esquire